·THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PATRICK
J. GLEASON, Respondent.

*Power to purchase property for a municipal corporation does not authorize the audit
of bills — indictment for auditing a false claim.*

The power to purchase property for Long Island City neither grants nor implies
the power to audit bills against it ; that power is expressly delegated to and
vested in the common council of said city.

An indictment charging a person with the crime of·auditing a false claim against
a municipal corporation is defective if it fails to state that it was the duty of
such person to audit bills against such municipality, nor can an allegation of
power to purchase be construed to mean a duty to audit.

APPEAL by the plaintiff, The People of the State of New York,
from an order of the Court of Sessions, held in and for the county
of Queens, on the 16th day of October, 1893, sustaining a demurrer
and dismissing an indictment charging the defendant with falsely
auditing a bill against Long Island City.

*John Fleming, District Attorney*, for the appellant.

*Francis H. Van Vechten*, for the respondent.

·PRATT, J.:

This is an appeal from an order sustaining a demurrer to an
indictment.   It is not necessary to notice the motion to dismiss this
appeal, as we think the decision below was right upon the merits.

The power to purchase neither grants nor implies the power to
audit bills against Long Island City, but that power is expressly dele-
gated to and vested in the common council of said city.   (Laws
1871, chap. 461, vol. 1, p. 904.)

The indictment is defective, in that it fails to state that it was the
duty of the defendant to audit bills against Long Island City.   The
object of the statute is to punish for a breach of duty, and if the
person owed no duty there could be no breach.

It is an essential ingredient of the statutory crime that the public
officer owed a duty which he violated, and unless such fact is alleged
·the case does not fall within the purview of the statute.

The act of 1890, giving the commissioners power to buy, does not
·repeal all parts of the charter of Long Island City that devolve upon

the common council the duty of auditing such bills, as it is not inconsistent therewith, and even if it did repeal the charter it would be necessary to allege in an indictment that it was the duty of the defendant to audit in order to charge a crime. The allegation of power to purchase cannot be construed to mean a duty to audit.

There is but one point in this matter, as the learned district attorney concedes, that if the allegation of power to purchase does not sufficiently allege a duty to audit, then the indictment is bad. We are of opinion it does not.

The order must be affirmed.

DYKMAN and CULLEN, JJ., concurred.

Order affirmed.